UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
------------------------------------------------------------------x

LEGENDARY PICTURES FUNDING, LLC,

                            Plaintiff,

          - against -

JOHN C. TEXTOR,

                           Defendant.

------------------------------------------------------------------x

Case No.

**COMPLAINT**

       Plaintiff Legendary Pictures Funding, LLC ("LPFL," or "Plaintiff"), by its attorneys, Lee B. Gartner, P.A., as its complaint against defendant John C. Textor ("Textor," or "Defendant"), alleges:

### Introduction

1. This is an action for damages for breach of an unconditional guaranty of payment and not merely of collection, dated March 19, 2012 (the "Guaranty").

2. Pursuant to the Guaranty, Defendant personally guaranteed full and punctual payment of all sums due under a convertible note dated March 19, 2012, in the principal amount of $3 million, made by non-party Digital Domain Media Group ("DDMG"), as maker, in favor of LPFL, as payee (the "Note").

3. DDMG failed and refused to pay the amounts due under the Note, leaving a balance owing to LPFL in excess of $3 million.

4. On September 11, 2012, DDMG filed for bankruptcy protection and admitted it is insolvent.

1

654308v1

5. As set forth below, the insolvency of DDMG is an event of default under the Note. That event of default triggers the liability of Defendant under the Guaranty.

6. On or about October 1, 2012, LPFL duly demanded payment from Defendant under the Guaranty.

7. Despite due demand, Defendant has failed and refused to satisfy his obligations under the Guaranty.

## Jurisdiction and Venue

8. This Court has personal jurisdiction over Defendant because, on information and belief, Defendant is a Florida resident and has been domiciled in Florida at all relevant times.

9. In addition, this Court has personal jurisdiction over Defendant pursuant to Fla. Stat. § 48.193, because Defendant, on information and belief, owns, uses, possesses, or holds a mortgage or other lien on real property within Florida.

10. This Court has original jurisdiction over this proceeding pursuant to 28 U.S.C. § 1332(a)(1), because this is a civil action where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and there is complete diversity of citizenship between Plaintiff and Defendant.

11. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(1) because, on information and belief, Defendant is a Florida resident who resides in this judicial district.

## The Parties

12. LPFL is a limited liability company organized and existing under the laws of Delaware, with its principal place of business in Burbank, California. None of LPFL's owners or members is a citizen of Florida.

13. Defendant is an individual. On information and belief, Defendant formerly was Chief Executive Officer and Chairman of DDMG, a Florida corporation. On information and belief, Defendant's primary, permanent residence is in Martin County, Florida.

### Choice of Law

14. Pursuant to the Guaranty, the parties agreed that the rights and obligations of Defendant and LPFL under the Guaranty would be governed by, and construed and enforced in accordance with, the laws of the State of California.

### The Note

15. As set forth above, on or about March 19, 2012, DDMG executed the Note pursuant to which DDMG promised to pay LPFL the principal sum of $3,000,000, plus interest at 8% per annum. A copy of the Note is attached to this Complaint as Exhibit A.

16. As further set forth above, on or about March 19, 2012, in order to induce LPFL to make the loan evinced by the Note, Defendant executed the Guaranty pursuant to which he irrevocably and unconditionally guaranteed the punctual payment in full of all of the obligations of DDMG under the Note. A copy of the Guaranty is attached to this Complaint as Exhibit B.

17. The Note provides that it is immediately due and payable upon the occurrence of either (i) the maturity date, or (ii) any one of a number of enumerated "Event[s] of Default" including, but not limited to, the insolvency of DDMG.

18. Specifically, Section 3 of the Note provides:

> **Event of Default.** Regardless of anything to the contrary contained herein, this Note shall be immediately due and payable, subject to the terms of this **Section 3**, upon the occurrence of any of the following, whatever the reason or cause, whether voluntary or involuntary or effected by operation of law or pursuant to any judgment, decree or order of any court or any order, rule or regulation of any administrative or governmental body (each an "**Event of Default**"):

3

654308v1

> 3.1 **Insolvency.** [LPFL] becomes insolvent or makes any assignment for the benefit of its creditors... .

(Exhibit A at 2).

19. On or about July 18, 2012, DDMG and LPFL agreed to extend the original maturity date of the Note from July 18, 2012, to July 23, 2012. This agreement did not address, had no impact on, and had no application to Section 3.1 of the Note (the "Insolvency Default Provision"), which provides that payment under the Note is immediately due and payable upon the insolvency of DDMG.

20. Neither DDMG, nor Defendant, made any payment to LPFL under the Note by July 23, 2012, nor have either of them done so at any other time.

21. On or about August 13, 2012, LPFL, DDMG, and Defendant, as guarantor of DDMG's obligations under the Note, entered into an agreement (the "Modification Agreement") pursuant to which DDMG promised, among other things, that it would cause two other corporations, Ninjutsu Pictures, Inc., and Random Films, Inc., to pay $3,200,000 to LPFL in satisfaction of DDMG's obligations under the Note. In addition, the Modification Agreement further extends the maturity date of the Note until such date as LPFL receives full payment under the Note, while limiting the extension of the maturity date to not later than September 30, 2013. The Modification Agreement does not address, has no impact on, and has no application to the Insolvency Default Provision, which provides that payment under the Note is immediately due and payable upon the insolvency of DDMG.

22. The Note provides that it is governed by the laws of California, without regard to principles concerning the conflict of laws. (Note § 7.11, Exhibit A at 4).

4

654308v1

### The Guaranty

23.    The Guaranty provides at paragraph one as follows:

> In order to induce [LPFL], to extend credit to [DDMG], pursuant to the Convertible Note (as it may be amended from time to time, the "Note") dated as of March 19, 2012 in the amount of $3,000,000 issued by [DDMG] in favor of [LPFL], the undersigned [*i.e.*, Textor] ... hereby unconditionally guaranties, as primary obligor and not merely as surety, the due and punctual payment in full of all Obligations (as hereinafter defined) when the same shall become due, whether at stated maturity, by acceleration, demand or otherwise (including amounts that would become due but for the operation of the automatic stay under Section 362(a) of the Bankruptcy Code, 11 U.S.C. 362(a), or any similar provision under applicable bankruptcy or insolvency law). The term "Obligations" as used herein refers to any and all payment obligations of [DDMG] now or hereafter made, incurred or created, whether absolute or contingent, liquidated or unliquidated, whether due or not due, and however arising under or in connection with the Note.

(Exhibit B at 1).

24.    The Guaranty further provides, at paragraph two, that Defendant's "obligations hereunder are irrevocable, absolute, independent and unconditional and shall not be affected by any circumstance which constitutes a legal or equitable discharge of a guarantor or surety other than payment in full of the Obligations." (Exhibit B at 1).

25.    In addition to acknowledging in its definition of "Note" that the Note may be amended (Exhibit B at 1), the Guaranty expressly provides as follows:

> [T]his Guaranty and the obligations of [Textor] hereunder shall be valid and enforceable and shall not be subject to any limitation, impairment or discharge for any reason (other than payment in full of the Obligations), including without limitation the occurrence of any of the following, whether or not [Textor] shall have had notice or knowledge of any of them: ... (ii) any waiver, amendment or modification of, or any consent to departure from, any of the terms or provisions (including without limitation provisions relating to events of default) of the Note or any agreement or instrument executed pursuant thereto... .

(Exhibit B at 2).

26.    The Guaranty also provides, at paragraph five, that Defendant is liable for any and all of LPFL's costs and expenses in connection with enforcing or preserving its rights

5

654308v1

under the Guaranty: "[Textor] agrees to pay, or cause to be paid, on demand, and to save [LPFL] harmless against liability for, any and all costs and expenses (including fees and disbursements of counsel and allocated costs of internal counsel) incurred or expended by [LPFL] in connection with the enforcement of or preservation of any rights under this Guaranty." (Exhibit B at 3).

27. And, the Guaranty expressly provides that Defendant's obligations survive any bankruptcy filing by DDMG:

> [Textor] acknowledges and agrees that any interest on any portion of the Obligations which accrues after the commencement of any proceeding, voluntary or involuntary, involving the bankruptcy, insolvency, receivership, reorganization, liquidation or arrangement of [DDMG] (or, if interest on any portion of the Obligations ceases to accrue by operation of law by reason of the commencement of said proceeding, such interest as would have accrued on such portion of the Obligations if said proceeding had not been commenced) shall be included in the Obligations because it is the intention of [Textor] and [LPFL] that the Obligations which are guaranteed by [Textor] pursuant to this Guaranty should be determined without regard to any rule of law or order which may relieve [DDMG] of any portion of such Obligations.

(Exhibit B at 3-4).

28. As set forth above, the Guaranty provides that it is governed by California law, without regard to principles concerning the conflict of laws. (Exhibit B at 4).

### Defaults By DDMG Under the Note

29. On or about September 11, 2012, DDMG filed for Chapter 11 bankruptcy protection in United States Bankruptcy Court, District of Delaware.

30. In its papers filed in support of its bankruptcy petition, DDMG lists, as of June 30, 2012, total debts exceeding its assets, indicating that it is insolvent.

31. On information and belief, DDMG is insolvent.

32. The insolvency of DDMG is an Event of Default under the Note.

33. On or about October 1, 2012, LPFL notified Defendant of the default by DDMG and demanded payment pursuant to the Guaranty.

34. To date, Defendant has not made any such payment to LPFL and LPFL has not received any payment of the Note obligations from any person or entity.

## CLAIM FOR RELIEF
### (Breach of Guaranty)

35. Plaintiff realleges every allegation in paragraphs 1 through 34, above.

36. As set forth above, LPFL and Defendant are parties to the Guaranty.

37. The Guaranty is a valid, enforceable contract between LPFL and Defendant.

38. The execution of the Guaranty by Defendant induced LPFL to extend $3,000,000 in credit to DDMG on or about March 19, 2012, pursuant to the Note.

39. As set forth above, pursuant to the Guaranty, Defendant personally and unconditionally guaranteed full payment of the obligations of DDMG to LPFL under the Note. The Note provides for payment to LPFL of the principal amount of $3,000,000, plus interest at 8% per annum (the "Note Amount").

40. DDMG is insolvent, which is an Event of Default under the Note and renders the Note Amount immediately due and payable.

41. DDMG's default triggered Defendant's obligation to pay the Note Amount to LPFL.

42. To date, neither Defendant, nor DDMG, nor any other person or entity has paid to LPFL the Note Amount or any portion of that amount.

43. Thus, the Note has fallen due but remains unpaid.

44. Defendant has failed and refused to perform his obligations under the Guaranty.

654308v1

45. Specifically, Defendant materially breached his obligations under the Guaranty when, as set forth above, he failed to make due and punctual payment in full to LPFL of the Note Amount, despite due demand.

46. By contrast, LPFL has fully performed under the Guaranty.

47. As a direct and proximate result of Defendant's breach of the Guaranty, LPFL has been damaged in an amount to be determined at trial, but at least $3 million plus interest at 8% per annum. In addition, Defendant is liable to LPFL for the costs and expenses it incurs, including attorneys' fees, in connection with the enforcement and preservation of its rights under the Guaranty.

48. Accordingly, Defendant is liable to Plaintiff for breach of the Guaranty.

**WHEREFORE**, Plaintiff Legendary Pictures Funding, LLC demands judgment against Defendant John C. Textor, as follows:

A. Compensatory and consequential damages in an amount to be determined at trial, but at least $3 million, plus interest at 8%;

B. For the costs and expenses of this action, including attorneys' fees; and

C. Granting Plaintiff such other relief as the Court deems proper.

Dated: Coral Springs, Florida
October 24, 2012

LEE B. GARTNER, P.A.

By: _____
Lee B. Gartner

*Attorneys for Plaintiff*
5561 N. University Drive
Suite 103
Coral Springs, FL 33067
(954) 755-5350
lgartner@fdn.com

WILK AUSLANDER LLP
*Of Counsel to Plaintiff*
1515 Broadway, 43rd Floor
New York, NY 10036
(212) 981-2300